UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:09-CR-031 |
| | ) | |
| GUY COLLINS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's August 14, 2019 motion for sentence reduction. [Doc. 1463]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

The United States has responded in partial opposition to the motion, ultimately deferring to the Court's discretion. [Doc. 1477]. For the reasons that follow, the defendant's motion will be granted.

**I.     Defendant's Eligibility for First Step Act Relief.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

The defendant pled guilty to Count One of the Superseding Indictment, conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1). Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of 20 years to life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). For 841(a)(1) violations involving less than 50 grams of cocaine base, the enhanced statutory imprisonment range was 10 years to life. *See id.* § 841(b)(1)(B)(iii). Since the enactment of the Fair Sentencing Act, the 841(b)(1)(A)(iii) penalties now apply (as to cocaine base) only to offenses involving 280 grams or more, and the 841(b)(1)(B)(iii) penalties apply only to offenses involving 28 grams or more (but less than 280 grams). *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). This Court agrees that

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence.

*United States v. Boulding*, 379 F. Supp. 3d 646, 651, 654 (W.D. Mich. 2019).

As noted, the instant defendant pled guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crime from 2007 through 2009. [Presentence Investigation Report ("PSR"), ¶ 13]. Thus, he was sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief.

## II. Factual Background

By judgment dated April 4, 2011, this Court imposed a term of imprisonment of 240 months to be followed by 10 years of supervised release. Prior to entry of the defendant's plea, and pursuant to 21 U.S.C. § 851, the United States timely filed an information giving

notice of two prior felony drug convictions to be relied upon to increase the defendant's term of imprisonment from a mandatory minimum of 10 years to a mandatory minimum of life. [Doc. 318]. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). The United States subsequently withdrew one of those felony notices, leaving the defendant with a 240-month mandatory minimum. [Docs. 866, 897].

The defendant's guideline range was 262 to 327 months (higher than his statutory minimum), based on a Career Offender total offense level of 34 and a criminal history category of VI. The Court granted the defendant's motion for downward variance and imposed the 240-month, below-guidelines, sentence. According to the Bureau of Prisons, the defendant is presently scheduled for release on September 2, 2026.

### III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's enhanced statutory term of imprisonment was reduced by section 2 of the Fair Sentencing Act *from* a mandatory 20 years to life *to* a range of 10 years to life, and his enhanced minimum term of supervised release was reduced from 10 years to 8.

However, the defendant's guideline range remains the same. That is so because his Career Offender total offense level remains 34 because the statutory maximum for his offense of conviction is still life. *See* U.S.S.G. § 4B1.1(b)(1).

4

The defendant argues that the Court can nonetheless exercise its discretion to impose a reduced sentence based on post-offense rehabilitation, *see, e.g., Pepper v. United States*, 562 U.S. 476, 490 (2011), and the United States concedes that point. [Doc. 1477, p.6, n.2]. The Court has considered the filings in this case, along with the relevant 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has refamiliarized itself with the defendant's PSR. Having done so, the Court concludes that a sentence reduction is appropriate.[2]

While incarcerated, the defendant has incurred only one minor disciplinary infraction (in 2011), which was more than adequately addressed by the Bureau of Prisons. Conversely, the defendant's post-sentencing rehabilitation has been extensive, as evidenced by his SENTRY report and the letter appended to his motion. The defendant is now 56 years old and has by all accounts turned his life around.

## IV. Conclusion

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 1463] is **GRANTED**. The defendant's term of imprisonment is reduced to **180 months**. His term of supervised release is reduced from 10 years to **8 years**. *See* 21 U.S.C. § 841(b)(1)(B).

---

[2] The defendant's request for a plenary resentencing hearing will, however, be denied. The First Step Act does not expressly require such a proceeding, and the Court does not find one necessary in this case. *See e.g., United States v. Hardin*, Nos. 2:99-CR-36, 2:03-CR-74, 2019 WL 2519887, at *3 (E.D. Tenn. June 18, 2019); *United States v. Lawson*, No. 1:03CR398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present . . . [if the] proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c).").

Further, while on supervised release, the defendant shall be subject to the following additional special condition of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Except as provided herein, all provisions of the judgment dated April 4, 2011, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge