# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-00031-9-DCLC-CRW |
| | ) | |
| GUY COLLINS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Guy Collins's Renewed Motion for Early Termination of Supervised Release [Doc. 1725] and Motion for Indicative Ruling on Renewed Motion for Early Termination of Supervised Release [Doc. 1726]. Earlier this year, the Federal Defender Services of Eastern Tennessee moved for early termination of Mr. Collins's term of supervised release. [FDSET's Mot., Doc. 1716]. The United States opposed the motion, citing his designation as a career offender and arguing that he had "only completed three years of his eight-year term of supervision." [United States's Resp., Doc. 1717, at 1]. The Court denied Mr. Collins's motion, and the Court's order, in full, reads:

> This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release [Doc. 1716], the United States's Response in Opposition [Doc. 1717], and Defendant's Supplement to Motion for Early Termination of Supervised Release [Doc. 1718]. The Court may—in its discretion—terminate a defendant's term of supervision "at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Although the Court again applauds Defendant for abiding by the conditions of his supervision to date, *see* [Order, Doc. 1690, at 3 (commending Defendant for his good behavior but denying his motion for early termination because he had served only eighteen months of his eight-year term of supervision)], he has still not completed half of his term of supervision. As Defendant's counsel is aware, the Court, as a matter of custom, will not consider a defendant's request for early termination until he has completed at least half of his term of supervision. Defendant's motion is therefore premature and is **DENIED with leave to renew** at the appropriate time.

[Order, Doc. 1720, at 1].

FDSET argues that the Court's order, which it has appealed and is pending the Sixth Circuit's adjudication, runs crosswise with *United States v. Tavarez*, ___ F. 4th ___, 2025 WL 1733386 (6th Cir. June 23, 2025). In *Tavarez*, the district court denied the defendant's motion for early termination "by refiling the [Probation Office's] Supervision Report after marking the box, 'The Request is Denied,' "signing the last page," and "offer[ing] no explanation of its reasoning or demonstration that it considered the required § 3553(a) factors." *Id.* at *6. In the supervision report, the Probation Office had recommended denial partly because the defendant had not yet served half of his term of supervision. *Id.* The Sixth Circuit vacated the district court's order because "[it] f[ound] no indication that the district court considered the relevant § 3553(a) sentencing factors," *id.* at *7, and it stated that whether a defendant has completed half of his supervision does not "concern[] any of the relevant § 3553(a) factors," *id.* at *6; *see generally* 18 U.S.C. § 3583(e)(1) (providing that once a defendant has completed one year of his term of supervised release, the Court may terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice").

Now, relying on *Tavarez*, FDSET again moves the Court for early termination of Mr. Collins's supervised release, but in a simultaneous filing, it concedes that "this Court lacks jurisdiction to consider his current renewed motion" and asks the Court "to find that it would grant his renewed motion . . . if it had jurisdiction to do so." [FDSET's Motion for Indicative Ruling at 1]. As grounds for this request, FDSET maintains that the Court's "fifty-percent custom" has "been deemed an impermissible factor by the Sixth Circuit" under *Tavarez* and, therefore, "no conceivable reason remains for denying the relief sought." [FDSET's Renewed Mot. at 1–2].

2

Case 2:09-cr-00031-DCLC-CRW   Document 1727   Filed 07/15/25   Page 2 of 6
PageID #: 6859

FDSET fails to convince the Court that *Tavarez* is factually on point with the Court's denial of Mr. Collins's request for early termination, and without further instruction from the Sixth Circuit—which will come from its resolution of this appeal—this Court will not now disturb its denial of that request. The Court's custom of requiring defendants to remain on supervised release until they reach their term's halfway point serves two critical functions that Congress has espoused under 18 U.S.C. § 3553(a): to adequately deter criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B), (C). Call it a custom or call it a § 3553(a) factor, it is a distinction without a difference because the function is the same.

And, importantly, the Court's custom is precisely that—a custom, not an unbending rule—and the Court applies it with deference and adherence to the individualized inquiry that must accompany any analysis under § 3553(a)'s factors. Indeed, in some cases, it has granted motions for early termination even when defendants have yet to arrive at their term's midway mark. *See, e.g.*, *United States v. Sharrett*, No. 2:11-CR-00068-3-JRG-CRW (E.D. Tenn. Jan. 30, 2024), ECF No. 170 (granting a motion for early termination when the defendant had not yet served half of his term of supervision because he "paid off his restitution, remained drug and crime-free, maintained full-time employment, and purchased a home for his family," and the Probation Office "s[aw] no further benefit in" supervision).

In short, the Court does not blithely or blindly adhere to this custom, nor did it do so here in Mr. Collins's case. Unlike this Court, the district court in *Tavarez* perfunctorily denied the defendant's motion for early termination by checking a box on a standard form, giving *no* "consideration or even recognition of any impact that [his] behavior on release may have had on its analysis of the § 3553(a) factors." *Tavarez*, ___ F.4th ___, 2025 WL 1733386 at *6.

3

Case 2:09-cr-00031-DCLC-CRW    Document 1727    Filed 07/15/25    Page 3 of 6
PageID #: 6860

This Court, on the other hand, gave some consideration to Mr. Collins's salutary behavior—although brief and to the point, largely because the Court was familiar with Mr. Collins, having denied his prior motion for early termination, *see* [Order, Doc. 1690]—before deciding that his failure to reach his term's halfway point precluded early termination. And in coming to this decision, the Court cited 18 U.S.C. § 3583(e)(1), which contains the relevant factors that the Court must consider under 18 U.S.C. § 3553(a).

The implication from the Court's denial was clear enough: Mr. Collins's good behavior was, in the Court's mind and discretion, insufficient to adequately deter criminal conduct and protect the public from further crimes at this stage of his supervision. *See United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (recognizing that the decision to terminate a defendant's supervised release lies exclusively in the district court's discretion). No further elaboration is necessary when denying a motion for early termination. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting an argument that a district court, when denying a request for early termination, has to offer more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Peters*, 856 F. App'x 230, 233, 234–35 (11th Cir. 2021) (recognizing that a "district court's order [denying early termination] must demonstrate that it considered the[] factors [under § 3553(a)], but it need not explain how each factor applies or explicitly state that it considered them"); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (stating that a district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

4

And incidentally, in *Tavarez*, the Sixth Circuit accepted jurisdiction over the appeal on the same grounds that it accepts jurisdiction over motions for sentence reductions under the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018). *Tavarez*, ___ F.4th ___, 2025 WL 1733386 at *3; *see United States v. Richardson*, 960 F.3d 761, 764 (6th Cir. 2020). When addressing these types of motions, the Sixth Circuit has affirmed district courts' denials of sentence reductions even when they rely on a conclusory assertion that they have considered § 3553(a)'s factors. *See United States v. Navarro*, 986 F.3d 668, 669–73 (6th Cir. 2021) (affirming the district court's denial of a motion for compassionate release even though the district court stated—in an order consisting of only a single sentence—that "it had considered the applicable § 3553(a) factors"). This Court's order was at least on par with these district courts' actions, and likely exceeded them, even if only modestly.

In sum, FDSET fails to persuade the Court that *Tavarez* requires it to retreat from its denial of Mr. Collins's motion for early termination of supervised release, and unless the Sixth Circuit says otherwise, the Court will adhere to its denial of that motion. FDSET also fails to persuade the Court that "no conceivable reason remains for denying" Mr. Collins's request for early termination. [FDSET's Renewed Mot. at 1–2]. Those reasons—the need to adequately deter criminal conduct and protect the public from further crimes, the two factors that, again, comprise the legal constructs of the Court's custom—continue to be of the highest concern to the Court at this juncture in Mr. Collins's term of supervision. FDSET's Renewed Motion for Early Termination of Supervised Release [Doc. 1725] is therefore **DENIED**. FDSET's Motion for Indicative Ruling on Renewed Motion for Early Termination of Supervised Release [Doc. 1726], in which it "asks the Court to find that it would grant [Mr. Collins's] renewed motion

5

Case 2:09-cr-00031-DCLC-CRW    Document 1727    Filed 07/15/25    Page 5 of 6
PageID #: 6862

for early termination of supervised release if it had jurisdiction to do so," is also **DENIED**. [FDSET's Motion for Indicative Ruling at 1].

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge