| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-00031-9-DCLC-CRW |
| | ) | |
| GUY COLLINS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Defendant Guy Collins has an extensive criminal history—so lengthy, in fact, that he met the criteria for a Criminal History Category VI in two ways: because of his career-offender status under USSG § 4B1.1[1] and because of his criminal history score of 14. And his criminal history was, at times, violent; he has two prior convictions for resisting arrest and four arrests for assault. [PSR ¶¶ 47, 50, 56–58, 61].

Mr. Collins has thrice moved the Court for early termination of his supervised release. The Court denied the first request, citing his criminal history and the fact that he had served only a fraction of his eight-year term of supervision, though it praised his good behavior. In acknowledging his good behavior, the Court stated that it "appear[ed]" no further supervision was necessary to adequately deter criminal conduct or protect the public from further crimes—but it did not conclusively say so—and it granted him leave to file a renewed motion for early termination on a later date by denying his motion without prejudice. [Order, Doc. 1690, at 3]. About fifteen months later, he again moved for early termination. The Court denied his second

---

[1] USSG § 4B1.1 increases a defendants offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). "A career offender's criminal history category in every case under this subsection shall be Category VI." *Id.* § 4B1.1(b).

request on grounds that overlapped with its first denial: he had not yet, in the Court's view, completed enough of his eight-year term of supervision to warrant early termination, though this time the Court expressly cited its general policy of not granting requests for early termination before a defendant has reached the midway point of his supervision's term. [Order, Doc. 1720, at 1].

He then moved a third time for early termination, asserting, this time, that the Court's general policy is legally impermissible. The Court again denied his motion, but in light of his new assertion that its general policy is legally impermissible, the Court expounded upon the rationale behind it. The Court explained that its general policy is not "an unbending rule"[2] and that it is rooted in 18 U.S.C. § 3553(a)'s factors—namely, the need to adequately deter criminal conduct and the need to protect the public from further crimes. [Mem. Op. & Order, Doc. 1727, at 3]. While the Court once again acknowledged Mr. Collins's "good behavior," it determined that it was "insufficient to adequately deter criminal conduct and protect the public from further crimes at this stage of his supervision." [*Id.* at 4].

The Court's third and final denial, in which it cited the need to deter criminal conduct and protect the public as impediments to early termination, overlapped with its first denial, in which it cited Mr. Collins's criminal history as an impediment to early termination. *See United States v. Gordon*, 793 F. App'x 375, 379 (6th Cir. 2019) ("Many of the factors—deterrence, criminal history, seriousness of offense, personal characteristics, sentences available—overlap in the district court's analysis[.]"); *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006)

---

[2] As the Court noted then, and notes again now, "in some cases, it has granted motions for early termination even when defendants have yet to arrive at their term's midway mark. *See, e.g.*, *United States v. Sharrett*, No. 2:11-CR-00068-3-JRG-CRW (E.D. Tenn. Jan. 30, 2024), ECF No. 170 (granting a motion for early termination when the defendant had not yet served half of his term of supervision because he "paid off his restitution, remained drug and crime-free, maintained full-time employment, and purchased a home for his family," and the Probation Office "s[aw] no further benefit in" supervision)." [Mem. Op. & Order, Doc. 1727, at 3].

("[T]he § 3553(a) factors can themselves overlap." (citations omitted)); *cf. United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *3 (7th Cir. Aug. 13, 2021) ("[W]hether someone poses a danger to the community directly overlaps with the sentencing factors of deterrence, criminal history, and the need to protect the public[.]").

The Sixth Circuit reversed this Court's denial of Mr. Collins's motions for early termination and remanded this case for proceedings consistent with its opinion, holding that this Court's "reasoning in the Third Order falls flat in light of the text of the First and Second Orders" and constitutes an abuse of discretion. [Sixth Circuit Op., Doc. 30-2, at 9]. The Sixth Circuit stated that this Court "could not logically" consider the need to deter criminal conduct and the need to protect the public in its third order because it had written in its first order that further supervision appeared unnecessary on either of those grounds. [*Id.* at 7].

Although the Sixth Circuit did not remand this case with instructions for this Court to grant early termination of Mr. Collins's supervision, the Court sees little choice but to do just that. Having previously praised Mr. Collins's progress on supervision, the Court now appears to be bound by that praise, with no discretion to change its mind, unless his conduct goes from compliant to noncompliant. The Court may now be reluctant to give praise at all to any defendants who are performing well during their supervision, lest it lose its discretion under § 3553(a)'s factors.

The United States is **ORDERED** to confer with Mr. Collins's probation officer, and if the United States learns of any acts of noncompliance that occurred between the filing of Mr. Collins's second motion for early termination and today's date, or any conduct that it believes would justify the denial of Mr. Collins's pending request for early termination, it may file a response in opposition to his request on or before **Monday, June 8, 2026**. If the Court does

3

not receive a response in opposition by that date, it will grant Mr. Collins's request for early termination.

       **SO ORDERED:**

                                       s/ Clifton L. Corker
                                       United States District Judge